[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
The plaintiff is in the business of leasing luxury type automobiles and selling used cars. The named defendant is in the business of supplying limousine service. On September 25, 1987, the named defendant leased a 1984 Lincoln limousine (hereafter the red limo) from the plaintiff. On April 15, 1988, the named defendant leased another 1984 Lincoln limousine (hereafter the gray limo) from the plaintiff. Both leases are substantially identical. Each was for a term of twenty-four months; each called for monthly payments of $524.60 commencing as to the red limo on October 25, 1987 and as to the gray limo on April 15, 1988; each provided for a late charge of 5% of any installment due and not paid within ten days of the due date; each provided that as to any mileage in excess of thirty thousand there would be a charge of ten cents per mile; each provided that the lease was not a consumer transaction; each provided that at the end of the lease the named defendant was to return the vehicle concerned to the plaintiff; each was co-signed by the individual defendant, Paul CT Page 10360 Tyrell. Each lease contained provisions concerning normal termination, the expiration of the lease term, and early termination, prior to the expiration of the lease term. These provisions varied depending upon whether the lease was described as "open-end" or "closed-end". Although there are boxes to be checked showing which applied, in neither instance was the box checked. However, the lease makes it clear that an open-end lease applied only to consumer transactions and each lease specified that it was not a consumer transaction and it follows that each was a closed-end lease.
The defendant came into default on the payment of the agreed monthly rentals. With respect to the red limo, the payments due for March, April, May, June and July, 1989 were all late and subject to the late charge. Taking into consideration late charges for earlier late payments, the balance due on expiration of the lease on September 24, 1989, giving credit for the July installment paid on December 14, was $1,301.92. There is a dispute as to whether or not there was an oral agreement that the defendant could retain possession of the red limo beyond the term of the lease on payment of monthly charges at the same rate as set by the lease. I find it more likely than not that there was such an agreement, but regardless of how that is resolved, the defendant in fact retained possession, despite the contractual obligation to return the vehicle, until January, 1990 when it was repossessed and it should pay for that retention. The best evidence as to the value of that retention is the monthly rate set in the lease, so there is also owed $524.60 plus late charge of $26.08, for four months, or $2,202.72 so the total of rentals and late charges for that vehicle is $3,504.64.
As to the gray limo, taking into consideration the July, 1989 installment paid on October 23, the balance due on that lease as of August 15, 1989 was $5,925.20. That vehicle was also reposessed in January, 1990. Under the provisions of 31(b) of the lease, the defendant could be held obligated, on early termination, for all installments payable for the remainder of the term of the lease, but at trial the parties stipulated that only six months rather than eleven months was due, so the balance due as to it, including late charges, is $3,304.08.
The defendant claims that a payment it had allocated to the red limo was improperly credited to the gray limo. Even if it is correct, this makes no difference in the arithmetical result for the disputed payment was clearly credited to the defendant's account.
The plaintiff claims additional charges for mileage in excess of 30,000. However, I find the evidence as to mileage is unpersuasive. As presented at trial, it was based on estimates CT Page 10361 and no good reason was shown as to why it could not be documented. Therefore I would have to speculate as to that item, which I may not do.
Based on the foregoing, I find the total indebtedness owing to the plaintiff to be $6,808.72. The leases do provide for reasonable attorney's fees, which I find to be 15% or $1,020.
Judgment may enter for the plaintiff against both defendants for $6,808.72 in damages and $1,020 for attorney's fees for a total of $7,828.72, costs to be taxed.
J. HEALEY, J.